IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 NOV -1 P 4: 07
[illegible stamp]
MIDDLE DISTRICT ALA.

| | |
|---|---|
| TIMOTHY P. THOMASON and SABRA M. THOMASON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 3:05cv1056 ) |
| GMAC MORTGAGE CORPORATION, | ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

**COMES NOW,** pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendant GMAC Mortgage Corporation ("GMAC" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Russell County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division, and in support thereof, states as follows:

1.  Plaintiffs Timothy P. Thomason and Sabra M. Thomason ("Plaintiffs") commenced this action by filing a complaint against GMAC in the Circuit Court of Russell

1400548

County, Alabama, Civil Action Number CV-05-131, which is a state court within this judicial district.[1]

2.  In the Complaint, Plaintiffs assert claims of negligence, wantonness and conversion based upon Defendant's alleged misapplication of payments and false reporting to credit agencies.[2] Plaintiffs allege that as a result of Defendant's conduct Plaintiffs were caused to suffer "emotional distress, mental anguish, embarrassment, and their credit has been damaged." (Plaintiffs' Complaint, ¶¶ 13, 15 & 17.) Plaintiffs' Complaint demands damages from Defendant in an amount not to exceed $75,000.

3.  Removal was not proper at the time the case was filed because Plaintiffs' Complaint demanded judgment against Defendant "in an amount not to exceed $75,000 in the aggregate as to all counts." (Plaintiffs' Complaint, pp. 3-5.) However, if a case is not removable at the time it is filed with the court, but a defendant thereafter receives written notice via "other paper from which it may first be ascertained that the case is one which is or has become removable," then the defendant may remove the case within thirty (30) days of receiving such written notice. 28 U.S.C. § 1446(b).

4.  GMAC is authorized pursuant to 28 U.S.C. § 1446(b) to file this Notice of Removal so that they may assert a federal basis for removal based on "other paper" establishing that the federal jurisdiction threshold has been met.

---

[1] On September 2, 2005, Plaintiff Sabra Thomason was dismissed without prejudice from the case.

[2] On or about October 27, 2005, Plaintiff filed a motion to amend the complaint to add a claim for invasion of privacy.

5. On July 5, 2005, GMAC served its Second Request for Admissions to Plaintiffs. (*See* Second Request for Admissions, attached hereto as Ex. B.) Therein, GMAC sought admissions that, among other things, Plaintiffs' claims do not exceed $75,000. (*See* Ex. B.)

6. On October 3, 2005, Plaintiff served his response to GMAC's second requests for admissions. Despite the limitations on damages in Plaintiff's pleadings to $75,000, Plaintiff would not admit that his damages are limited to $75,000. In this regard, Plaintiff responded, in part, stating that "[i]f discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000, Plaintiff reserves the right to claim damages in excess of $75,000." (*See* Plaintiff's Responses to Defendant's Second Set of Request for Admissions, attached hereto as Ex. C) (emphasis added).

7. Plaintiff's responses to GMAC's second request for admissions is the first paper in this matter indicating that the amount in controversy exceeds $75,000. In other words, Plaintiff's responses constituted the "other paper" upon which GMAC first ascertained that the amount in controversy in this action exceeds the minimum amount for federal court jurisdiction based on diversity of citizenship.

8. It is well settled that responses to request for admissions constitute "other paper" within the meaning of 28 U.S.C. § 1446(b). *Robinson v. GE Capital Mortgage Serv., Inc.*, 945 F. Supp. 1516, 1518 (M.D. Ala. 1996) (holding defendants' notice of removal was timely where filed within 30 days of receiving plaintiff's responses to request for admissions); *see also, Webb v. Home Depot, USA, Inc.*, 2000 WL 351992 (M.D. Ala. March 27, 2000) (holding removal was timely under § 1446(b) where defendant removed within 30 days receipt of plaintiff's responses to interrogatories which indicated, for the first time, the amount in controversy was more than $75,000.)

9. Plaintiff served his responses to GMAC's Second Request for Admissions on October 3, 2005. Pursuant to 28 U.S.C. § 1446, this notice is timely, as it is being filed within thirty (30) days of such service, and because this action was commenced less than one (1) year ago.

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

10. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

11. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a) The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -
>
> > (1) citizens of different states...

12. According to the allegations in Plaintiffs' Complaint, Plaintiffs are residents of the State of Alabama. (Plaintiffs' Complaint, ¶ 1.)

13. GMAC is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.

Accordingly, GMAC is a citizen of the State of Pennsylvania and is not a citizen of the State of Alabama. *See* 28 U.S.C. § 1332(c)(1).

14. Therefore, there is complete diversity among the parties.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

15. Diversity jurisdiction's amount in controversy requirement is also satisfied. 28 U.S.C. § 1332.

16. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Despite the alleged "limitation" of damages in Plaintiff's complaint, Plaintiff's responses to GMAC's second requests for admissions show that he has not foregone and is not willing to forego his right to seek more. In particular, Plaintiff refused to admit that his damages in this action are limited to $75,000. Plaintiff states that "If discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000, Plaintiff reserves the right to claim damages in excess of $75,000." (Ex. C, ¶ 2.) Plaintiff further refused to admit that he would not accept an award of more than $75,000 in this action. (*Id.* at, ¶ 3.) Finally, Plaintiff refused to admit that the limitation of damages sought in this action was binding upon him regardless of any developments which may occur during the litigation of this action. (*Id.* at ¶ 4.) Plaintiff's discovery responses clearly show that Plaintiff's claims are worth more than $75,000 exclusive of interest and costs, and that Plaintiff has not foregone his right to seek more than $75,000.

17. It is apparent that Plaintiff's "limitation" on damages is simply an attempt to avoid the jurisdiction of this Court. By refusing to admit (1) that he will not seek more than $75,000; (2) that he will not accept more than $75,000; and (3) that the limitation of damages sought in this action is binding upon him regardless of any developments which may occur during the

litigation of this action, Plaintiff is attempting to avoid the jurisdiction of this Court and at the same time not limit his damages to $75,000 - i.e., Plaintiff is trying to have his cake and eat it to. Certainly in light of his responses to GMAC's second set of requests for admissions, simply seeking an award not to exceed $75,000 is not enough to avoid the jurisdiction of this Court. *See Taylor v. Campbell*, 852 F. Supp. 978 (M.D. Ala. 1994) (J. Albritton) (Court held that Plaintiff was required to submit affidavit that not only stated that he did not intend to seek more than [$75,000] when the complaint was filed, but must also state that (1) plaintiff irrevocably agrees that the amount of damages claimed by him in this action is and will forever be no more than [$75,000] exclusive of interest and costs; (2) plaintiff irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount in damages which may be sought by or awarded him in this case, and that this cap shall be set as [$75,000] exclusive of interest and costs; (3) plaintiff will under no circumstances accept a judgment or settlement in this case in excess of [$75,000]; and (4) plaintiff agrees, acknowledges, and understands that this agreement is binding upon him and his heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action. *See id.* at 979. These are the very requests for admissions that Plaintiff refuses to admit in this case. (*See* Exs. B & C.) Accordingly, Plaintiff's attempt to limit his damages in his complaint must be disregarded.

18.    Receipt of such discovery responses is an appropriate method of ascertaining the amount in controversy. *See Golden Apple Management*, 990 F. Supp. 1364, 1366 (M.D. .Ala. 1998) ("The court agrees with [defendant] that plaintiff's responses <u>denying</u> the requests for admission that the full measure of plaintiff's damages in this action is $75,000 or less and that plaintiff cannot recover more than $75,000 in compensatory and/or punitive damages is 'other

paper' which advised [defendant] that the amount in controversy satisfied the minimum requirement for diversity of citizenship jurisdiction, and that the action was, therefore, removable.") (emphasis added).

19. It is clear that if the allegations of the Complaint are correct, the amount in controversy requirement of $75,000 would be satisfied. In the Complaint, Plaintiffs allege that GMAC committed negligence, wantonness and conversion. For this alleged conduct, Plaintiffs seek damages for emotional distress, mental anguish, embarrassment and damage to credit. When all of these demands are considered, there is no question that the amount in controversy requirement is met.

20. As this Court is aware, compensatory damages in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar allegations. *See New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); *Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000.00 award of compensatory damages was attributed to mental anguish); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000.00 of the

$75,000.00 compensatory damage award was attributed to mental anguish); *Liberty National Life Ins. Co. v. Caddell*, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LRP JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,0800 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud).

21. Further, recent Alabama cases involving claims of wantonness have resulted in verdicts well exceeding the $75,000 required for diversity jurisdiction. These jury verdicts reflect the potential magnitude of damages for claims involving wantonness. *See Shiv-Ram, Inc. v. McCaleb*, 892 So. 2d 299 (Ala. 2003) (awarding $176,572 in compensatory damages and $500,000 in punitive damages in negligence and wantonness action); *Mobile Infirmary Medical Center v. Hodgen*, 884 So. 2d 801 (Ala. 2003) (jury awarded $2,250,000 in punitive damages in negligence and wantonness action. Damages were later remitted to $1,500,000); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908 (Ala. 2002) (jury awarded total of $6,250,000 in

compensatory damages in negligence and wantonness matter); *Kmart v. West*, 779 So. 2d 1188 (Ala. 2000) ($63,000 in compensatory damages and $250,000 in punitive damages awarded in negligence and wantonness case); *Kmart v. Peak*, 757 So. 2d 1138 (Ala. 1999) (in case for negligence and wantonness jury awarded $100,000 in compensatory damages and $225,000 in punitive damages); *Gulf States Steel, Inc. v. Whisenant*, 703 So. 2d 899 (Ala. 1997) (jury awarded $400,000 in compensatory damages in negligence and wantonness action); *Dempsey v. Phelps*, 700 So. 2d 1340 (Ala. 1997) (awarding $145,000 in compensatory damages and $125,000 in punitive damages for negligence and wantonness matter); *Stamp v. Jackson*, 887 So. 2d 274 (Ala. Civ. App. 2003) (jury awarded $25,000 in compensatory damages and $150,000 in punitive damages in negligence and wantonness action. Punitive damages were later remitted to $75,000); *Akins Funeral Home, Inc. v. Miller*, 878 So. 2d 267 (Ala. 2003) ($450,000 in compensatory damages and $150,000 in punitive damages awarded in case involving claims of negligence, wantonness and outrage).

22.   In this case, punitive damages alone could clearly exceed $75,000. In many recent cases, a number of which arose out of lending and insurance transactions, defendants have suffered punitive damages awards well in excess of $75,000. *See Jeter v. Orkin Exterminating Co.*, *supra*, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); *Travelers Indemnity Co. of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001) ($200,000.00 punitive damage award in fraud and outrage matter); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter);

*Cooper & Co. v. Lester*, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538.00 to $250,000.00 in fraud action); *Prudential Ballard Realty Co. v. Weatherly, supra*, (award of $750,000.00 of punitive damages in fraud action); *Oliver v. Town*, 770 So. 2d 1059 (Ala. 2000) ($249,000.00 award of punitive damages in conversion action); *Chrysler Corp. v. Schiffer*, 736 So. 2d 538 (Ala. 1999) ($150,000.00 award of punitive damages in fraud and breach of contract matter); *Life Insurance Company of Georgia v. Parker*, 726 So. 2d 619 (Ala. 1998) ($150,000.00 award of punitive damages in insurance fraud matter); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) ($225,000.00 award of punitive damages in fraud and breach of contract matter); *Talent Tree Personnel Srvs., Inc. v. Fleenor*, 708 So. 2d 917 (Ala. 1997) ($1,500,000.00 award of punitive damages in fraud and breach of contract matter); *American Pioneer Life v. Williamson*, 704 So. 2d 1361 (Ala. 1997) ($750,000.00 award of punitive damages in fraud and breach of contract case); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) ($1,000,000.00 award of punitive damages in insurance fraud matter); *Life Ins. Co. of Georgia v. Johnson*, 725 So. 2d 934 (Ala. 1998) ($3,000,000.00 award of punitive damages in insurance fraud action); *Hillcrest Center, Inc. v. Rone*, 711 So. 2d 901 (Ala. 1997) ($94,000.00 award of punitive damages in fraudulent inducement action); *First Commercial Bank v. Spivey*, 694 So.2d 1316 (Ala. 1997) ($500,000.00 award of punitive damages in fraud and breach of contract matter); *Carlisle v. Whirlpool Fin. Nat'l Bank*, No.97-068 (Circuit Court of Hale County, Alabama), (the jury awarded the Plaintiff punitive damages in the amount of approximately $582 million in a case in which fraud allegations were asserted. The amount of punitive damages was later remitted to $300 million.); *Gallant v. Prudential Ins. Co. of America*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); *Ford Motor Co. v. Sperau*, 708 So.2d 111 (Ala. 1997) ($1,792,000 in punitive damages); *Johnson v. Mercury Finance Co.*,

CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (Plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note. Jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages. The award of punitive damages was remitted to $2,000,000.); *Key v. Prudential Insurance Co., et al.,* CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (The Plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required. Jury awarded $25,000,000 in punitive damages.); *Foremost Insurance Co. v. Parham,* 693 So.2d 409 (Ala. 1997) (Jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages. The punitive damages were later remitted to $175,000.). For this additional reason, there is no question that the amount in controversy requirement has been established.

## PROCEDURAL REQUIREMENTS

23.  This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

24.  Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

25.  True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders to date in this case.

26.  GMAC has heretofore sought no similar relief.

27.  The United States District Court for the Middle District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

28.   GMAC reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

29.   Contemporaneously with the filing of this notice of removal, GMAC has filed a copy of same with the clerk of the Circuit Court of Russell County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** GMAC prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

          Respectfully submitted,

          */s/ signature*
          _____
          Reid S. Manley (MAN039)
          Robert R. Maddox (MAD028)
          Alan D. Leeth (LEE038)

          Attorneys for Defendant
          GMAC MORTGAGE CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 1st day of November, 2005:

James R. McKoon, Jr., Esq.
P.O. Box 3220
Phenix City, AL 36868-3220
Tel.: (334) 297-2300

_____
OF COUNSEL