IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and SABRA M. THOMASON, )
        Plaintiffs, )
v. ) CIVIL ACTION NO. CV-05-131
GMAC MORTGAGE CORPORATION, )
        Defendants. )

## ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION

**COMES NOW** defendant GMAC Mortgage Corporation (hereafter "Defendant"), and answers plaintiffs' complaint as follows:

### FIRST DEFENSE

For its response to the specifically-enumerated paragraphs of plaintiffs' complaint, Defendant states as follows:

### FACTS COMMON TO ALL COUNTS

1.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

2.    Defendant admits that it is a corporation organized under the laws of the State of Pennsylvania that does business in Alabama. Defendant admits that one of its principal businesses is the making, purchasing and servicing of mortgage loans.

3.    Defendant admits the allegations of Paragraph 3 of plaintiffs' complaint.

4.    Defendant admits the allegations of Paragraph 4 of plaintiffs' complaint.

5. Defendant denies the allegations in Paragraph 5 of plaintiffs' complaint and demands strict proof thereof.

6. Defendant denies the allegations in Paragraph 6 of plaintiffs' complaint and demands strict proof thereof.

7. Defendant denies the allegations in Paragraph 7 of plaintiffs' complaint and demands strict proof thereof.

8. Defendant denies the allegations in Paragraph 8 of plaintiffs' complaint and demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

10. Defendant denies the allegations in Paragraph 10 of plaintiffs' complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph 11 of plaintiffs' complaint and demands strict proof thereof.

## COUNT ONE

12. Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

13. Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof.

Defendant denies the prayer for relief in Count I, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

## COUNT TWO

14. Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

15. Defendant denies the allegations contained in paragraph 15 and demands strict proof thereof.

Defendant denies the prayer for relief in Count II, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

### COUNT THREE

16. Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

17. Defendant denies the allegations contained in paragraph 17 and demands strict proof thereof.

Defendant denies the prayer for relief in Count III, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

### SECOND DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### THIRD DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs are barred from pursuing their claims in this action because all such claims fall within the scope of valid and enforceable arbitration agreements with Defendant.

### FIFTH DEFENSE

Venue was improperly laid.

### SIXTH DEFENSE

Defendant pleads the general issue.

### SEVENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not falsely represent any material fact to Plaintiff or suppress any such fact.

### EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were not legally entitled to rely on any purported representations by Defendant.

### NINTH DEFENSE

Defendant pleads justification.

### TENTH DEFENSE

Defendant complied with all applicable codes, standards, and regulations adopted or promulgated by the United States, Alabama, or any other state government and any federal or state agency and/or court orders.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, collateral estoppel, accord and satisfaction, *res judicata*, ratification, consent, settlement and release, acquiescence, laches, and unclean hands.

### TWELFTH DEFENSE

Plaintiffs' claims have not been plead with adequate specificity and fail to state a claim upon which relief can be granted.

### THIRTEENTH DEFENSE

An award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

### FOURTEENTH DEFENSE

Any claim Plaintiffs might assert for punitive damages against Defendant cannot be upheld because an award of punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### FIFTEENTH DEFENSE

The defenses of insufficiency of process and insufficiency of service of process bar Plaintiffs' claims against Defendant.

### SIXTEENTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld under *BMW v. Gore*, 517 U.S. 559 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that Defendant will more fully comply with this state's laws in the future.

### SEVENTEENTH DEFENSE

The claim of Plaintiffs for punitive damages against Defendant cannot be upheld to the extent it is based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states. To do so would be to violate Defendant's rights under the Alabama Constitution and the United States Constitution.

### EIGHTEENTH DEFENSE

Plaintiffs' claim for punitive damages against Defendant cannot be upheld to the extent it is in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

### NINETEENTH DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the State of Alabama.

### TWENTIETH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claim of Plaintiffs for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy, self-incrimination, and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the provisions of the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### TWENTY-FIRST DEFENSE

Plaintiffs' claim for punitive damages are barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, section 9 of the United States Constitution.

### TWENTY-SECOND DEFENSE

To permit the imposition of punitive damages against defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate each and every defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Alabama Constitution.

### TWENTH-THIRD DEFENSE

1359/05                                    6

Plaintiffs' claim for punitive damages are barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to recover punitive damages under applicable Alabama statutory and case law.

## TWENTY-FIFTH DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the Alabama Constitution because, under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite, and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including, without limitation, the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under

standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TWENTY-SIXTH DEFENSE

The complaint fails to state a claim upon which punitive damages may be awarded.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claim for damages must fail to the extent that they have failed to mitigate those damages.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for special damages must fail because they have failed to plead those damages with specificity.

## TWENTY-NINTH DEFENSE

Plaintiffs' damages, if any, are barred by the doctrine of contributory negligence.

## THIRTIETH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to adhere to and perform contractual conditions and/or obligations.

## THIRTY-SECOND DEFENSE

Defendant pleads plaintiffs' contributory negligence caused their alleged damages.

## THIRTY-THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by the parol evidence rule since the contracts themselves embody the agreements of the parties.

## THIRTY-FOURTH DEFENSE

If Plaintiffs have suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties for whom Defendant should not be held responsible.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendant to this lawsuit.

_/s/ Heath A. Fite_
Robert R. Maddox (MAD028)
Reid S. Manley (MAN039)
Heath A. Fite (FIT01)

Attorneys for Defendant
GMAC Mortgage Corporation

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION has been served on the following by e-mail and by depositing same in the United States mail, postage prepaid and properly addressed to:

James R. McKoon, Jr., Esq.
MCKOON & THOMAS
POST OFFICE BOX 3220
PHENIX CITY, AL 36868-3220

on this the 17th day of May, 2005.

_/s/ Heath A. Fite_
OF COUNSEL