IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and )
SABRA M. THOMASON )
                 )
        **Plaintiffs,** )
                 )
v. )      **CIVIL ACTION NO. CV-05-191**
                 )
GMAC MORTGAGE CORPORATION, )
                 )
        **Defendant.** )
                 )

## GMAC MORTGAGE CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** Defendant GMAC Mortgage Corporation ("GMAC"), by and through counsel, appearing specially so as to specifically preserve the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and pursuant to Rule 12(c) of the *Alabama Rules of Civil Procedure*, moves this Court for an Order dismissing Count III (Conversion) of Plaintiffs' complaint. In support of its motion, GMAC shows the following:

### I.

### PLAINTIFFS' CONVERSION CLAIM IS DUE TO BE DISMISSED PURSUANT TO RULE 12(c) OF THE ALABAMA RULES OF CIVIL PROCEDURE

Pursuant to Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Ala. R. Civ. P. 12(c). A motion for judgment on the pleadings disposes of a claim when the material facts are not in dispute. *See Jones v. Alabama Power Co.*, 362 So. 2d 235 (Ala. 1978).

"To establish conversion, one must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention

or interference with another's property." *SouthTrust Bank v. Donely*, --- So. 2d ---, 2005 WL 1655003, *4 (Ala. July 15, 2005). The Supreme Court of Alabama "has held repeatedly that '[g]enerally, an action will not lie for the conversion of money' unless 'the money at issue is capable of identification.'" *Hensley v. Poole*, --- So. 2d ---, 2005 WL 796956, *3 (Ala. April 8, 2005) (*quoting Campbell v. Naman's Catering, Inc.*, 842 So. 2d 654, 659 (Ala. 2002)). Thus, an action for conversion of money lies only where there is an obligation to deliver the specific pieces of the money in question or money that has been specifically sequestered, rather than the mere obligation to deliver a certain sum of money. *SouthTrust Bank*, 2005 WL 1655003, *4 (citing *Johnson v. Life Ins. Co. of Alabama*, 581 So. 2d 438, 443 (Ala. 1991)). Indeed, when there is no obligation to return identical money and where there is only a debtor or creditor relationship, an action for conversion of funds will not lie. *Lewis v. Fowler*, 479 So. 2d 725, 727 (Ala. 1985); *see also, Green Tree Acceptance, Inc. v. Tunstall*, 645 So. 2d 1384 (Ala. 1994) (reversing jury verdict in favor of plaintiff, holding that conversion did not lie because the money at issue was not capable of identification and the relationship between the plaintiff and defendant was merely that of debtor and creditor).

On April 11, 2005, Plaintiffs Timothy P. Thomason and Sabra M. Thomason (collectively "Plaintiffs") brought this action asserting claims of negligence (Count I), wantonness (Count II) and conversion (Count III) relating the alleged misapplication of payments made by Plaintiffs. (*See* Plaintiffs' Complaint, Ex. 1.) Plaintiffs are customers of GMAC and have several mortgage loan accounts with GMAC. (*See* Plaintiffs' Complaint, Ex. 1, ¶¶ 3-4; GMAC's Answer, Ex. 2, ¶¶ 3-4.) Plaintiffs assert that GMAC "negligently or misapplied payments" made by Plaintiffs and that such conduct "constitutes actionable conversion of funds by [GMAC] in the handling of Plaintiffs' accounts." (Plaintiffs' Complaint, Ex. 1, ¶¶ 5, 8 & 17.)

Plaintiffs' claim for conversion relates to the <u>money</u> allegedly paid and misapplied by GMAC. There is no allegation that the money allegedly misapplied by GMAC has been placed in a special account (i.e., specifically sequestered) and is capable of identification. Thus, Plaintiffs' claim for conversion fails because there is no obligation that GMAC return the exact same funds that have allegedly been misapplied/withheld from Plaintiffs' accounts, but merely an [alleged] obligation to deliver a certain sum. Plaintiffs' claim for conversion also fails because the relationship between Plaintiffs and GMAC is merely that of debtor and creditor. *Green Tree Acceptance, Inc. v. Tunstall*, 645 So. 2d at 1387. Accordingly, Plaintiffs' claim for conversion (Count III) is due to be dismissed with prejudice.

## II.

## CONCLUSION

Based on the foregoing, GMAC respectfully request that this Court (1) grant GMAC's Motion for Judgment on the Pleadings and (2) dismiss Count III (Conversion) of Plaintiffs' complaint with prejudice.

Respectfully submitted,

Reid S. Manley(MAN039)
Robert R. Maddox (MAD028)
Alan D. Leeth (LEE038)

Attorneys for Defendant
GMAC MORTGAGE CORPORATION

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 31ˢᵗ day of AυGυs r, 2005:

> James R. McKoon, Jr., Esq.
> McKoon & Thomas
> Post Office Box 3220
> Phenix City, AL  36868-3220

OF COUNSEL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and )
SABRA M. THOMASON, )
)
    Plaintiffs, )
) CASE NO. CV-05-*131*
vs. )
)
GMAC MORTGAGE )
CORPORATION, )
)
    Defendant. )

*FILED IN OFFICE*
*2005 APR 11 PH 2:30*
*CIRCUIT/DIST. COURT*
*RUSSELL CO. AL*

## ***COMPLAINT***

Come now the Plaintiffs in the above styled cause and say unto the

Court as follows:

1.     Plaintiffs are individuals and resident citizens of Russell

    County, Alabama.

2.     Defendant is a Pennsylvania corporation which does business in

    Alabama. Defendant's principal business is the making,

    purchasing and servicing of mortgage loans.

3.     Plaintiffs are both customers of Defendant.

4.     Plaintiffs' have several mortgage loan accounts with the

    Defendant.

5.     In or around February of 2004, Defendant negligently lost or

    misapplied payments made by Plaintiff, Tim Thomason, to

mortgage loan accounts in his name.  However, the payments

were timely made and Plaintiff has cancelled checks showing

proof of said payments.

6.    In or around March of 2004, Defendant began to send late

notices to Plaintiff, Tim Thomason, and later began to make

collection calls over the phone to his home and office.

7.    Defendant has acknowledged that errors have been made and

has repeatedly promised to remedy the problem.

8.    During the last few weeks, Defendant has negligently

misapplied and/or failed to properly enter data resulting in

Defendant showing payments owed by Plaintiff, Sabra

Thomason, as being late or not being paid at all.

9.    Defendant has likewise repeatedly notified the Plaintiff, Sabra

Thomason, that her payments are not timely.  She has been

repeatedly called at home and accused of not making her

payments on time.

10.   In spite of the Defendant being notified and acknowledging that

the Defendant has negligently handled the mortgage accounts of

both Plaintiffs and promising to straighten things out, the

Defendant continues through its agents and employees to make

4-13-05;10:06AM;McKoon, Thomas, Gray                    ;334 297 2777                # 4/ 11

rude and insulting collection phone calls to Plaintiffs and to

otherwise harass them.

11.  Defendant has falsely reported to credit reporting agencies that

Plaintiff, Tim Thomason, has been behind more than thirty days

on his mortgage payments for at least eight consecutive months.

As a result, Plaintiff, Tim Thomason's credit has been damaged

and he has been wrongfully denied credit.

### *COUNT I*

12.  Plaintiffs re-allege paragraphs 1 through 11 as if fully set out

herein.

13.  The above constitutes actionable negligence by the Defendant

in the handling of Plaintiffs' accounts.  As a result of said

negligence, Plaintiffs have suffered emotional distress, mental

anguish, embarrassment, and their credit has been damaged.

WHEREFORE, the above premises considered, the Plaintiffs demand

judgment against the Defendant in an amount not to exceed $75,000.00 in

the aggregate as to all counts of Plaintiffs' Complaint, plus all costs of this

action.

## *COUNT II*

14.    Plaintiffs re-allege paragraphs 1 through 13 as if fully set out herein.

15.    The above constitutes actionable wantonness by the Defendant in the handling of Plaintiffs' accounts.  As a result of said wantonness, Plaintiffs have suffered emotional distress, mental anguish, embarrassment, and their credit has been damaged.

WHEREFORE, the above premises considered, the Plaintiffs demand judgment against the Defendant in an amount not to exceed $75,000.00 in the aggregate as to all counts of Plaintiffs' Complaint, plus all costs of this action.

## *COUNT III*

16.    Plaintiffs re-allege paragraphs 1 through 15 as if fully set out herein.

17.    The above constitutes actionable conversion of funds by the Defendant in the handling of Plaintiffs' accounts.  As a result of said conversion of funds, Plaintiffs have suffered emotional distress, mental anguish, embarrassment, and their credit has been damaged.

WHEREFORE, the above premises considered, the Plaintiffs demand

judgment against the Defendant in an amount not to exceed $75,000.00 in

the aggregate as to all counts of Plaintiffs' Complaint, plus all costs of this

action.

JAMES R. McKOON, JR. (MCK020)
Attorney for Plaintiffs
P. O. Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Registered Agent GMAC Mortgage Corporation
CSC Lawyers Incorporating SVC Inc.
150 S Perry Street
Montgomery, Alabama  36104

**2**

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and SABRA M.    )
THOMASON,    )
    )
        Plaintiffs,    )
    )
v.    )  **CIVIL ACTION NO. CV-05-131**
    )
GMAC MORTGAGE CORPORATION,    )
    )
        Defendants.    )

### ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION

**COMES NOW** defendant GMAC Mortgage Corporation (hereafter "Defendant"), and answers plaintiffs' complaint as follows:

### FIRST DEFENSE

For its response to the specifically-enumerated paragraphs of plaintiffs' complaint, Defendant states as follows:

### FACTS COMMON TO ALL COUNTS

1.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

2.    Defendant admits that it is a corporation organized under the laws of the State of Pennsylvania that does business in Alabama.  Defendant admits that one of its principal businesses is the making, purchasing and servicing of mortgage loans.

3.    Defendant admits the allegations of Paragraph 3 of plaintiffs' complaint.

4.    Defendant admits the allegations of Paragraph 4 of plaintiffs' complaint.

5.    Defendant denies the allegations in Paragraph 5 of plaintiffs' complaint and demands strict proof thereof.

6.    Defendant denies the allegations in Paragraph 6 of plaintiffs' complaint and demands strict proof thereof.

7.    Defendant denies the allegations in Paragraph 7 of plaintiffs' complaint and demands strict proof thereof.

8.    Defendant denies the allegations in Paragraph 8 of plaintiffs' complaint and demands strict proof thereof.

9.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

10.    Defendant denies the allegations in Paragraph 10 of plaintiffs' complaint and demands strict proof thereof.

11.    Defendant denies the allegations in Paragraph 11 of plaintiffs' complaint and demands strict proof thereof.

## COUNT ONE

12.    Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

13.    Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof.

Defendant denies the prayer for relief in Count I, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

## COUNT TWO

14.    Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

15.    Defendant denies the allegations contained in paragraph 15 and demands strict proof thereof.

Defendant denies the prayer for relief in Count II, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

### COUNT THREE

16.    Defendant reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

17.    Defendant denies the allegations contained in paragraph 17 and demands strict proof thereof.

Defendant denies the prayer for relief in Count III, contests plaintiffs are entitled to damages or costs and demands strict proof thereof.

### SECOND DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### THIRD DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs are barred from pursuing their claims in this action because all such claims fall within the scope of valid and enforceable arbitration agreements with Defendant.

### FIFTH DEFENSE

Venue was improperly laid.

### SIXTH DEFENSE

Defendant pleads the general issue.

### SEVENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not falsely represent any material fact to Plaintiff or suppress any such fact.

### EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were not legally entitled to rely on any purported representations by Defendant.

### NINTH DEFENSE

Defendant pleads justification.

### TENTH DEFENSE

Defendant complied with all applicable codes, standards, and regulations adopted or promulgated by the United States, Alabama, or any other state government and any federal or state agency and/or court orders.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, collateral estoppel, accord and satisfaction, *res judicata*, ratification, consent, settlement and release, acquiescence, laches, and unclean hands.

### TWELFTH DEFENSE

Plaintiffs' claims have not been plead with adequate specificity and fail to state a claim upon which relief can be granted.

### THIRTEENTH DEFENSE

An award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

### FOURTEENTH DEFENSE

Any claim Plaintiffs might assert for punitive damages against Defendant cannot be upheld because an award of punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### FIFTEENTH DEFENSE

The defenses of insufficiency of process and insufficiency of service of process bar Plaintiffs' claims against Defendant.

### SIXTEENTH DEFENSE

1359705                                      4

Plaintiffs' claim for punitive damages cannot be upheld under *BMW v. Gore*, 517 U.S. 559 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that Defendant will more fully comply with this state's laws in the future.

### SEVENTEENTH DEFENSE

The claim of Plaintiffs for punitive damages against Defendant cannot be upheld to the extent it is based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states. To do so would be to violate Defendant's rights under the Alabama Constitution and the United States Constitution.

### EIGHTEENTH DEFENSE

Plaintiffs' claim for punitive damages against Defendant cannot be upheld to the extent it is in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

### NINETEENTH DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the State of Alabama.

### TWENTIETH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claim of Plaintiffs for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy, self-incrimination, and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the provisions of the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### TWENTY-FIRST DEFENSE

Plaintiffs' claim for punitive damages are barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, section 9 of the United States Constitution.

### TWENTY-SECOND DEFENSE

To permit the imposition of punitive damages against defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate each and every defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Alabama Constitution.

### TWENTH-THIRD DEFENSE

1359705                                    6

Plaintiffs' claim for punitive damages are barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to recover punitive damages under applicable Alabama statutory and case law.

## TWENTY-FIFTH DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the Alabama Constitution because, under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite, and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including, without limitation, the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under

1359705                                7

standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### TWENTY-SIXTH DEFENSE

The complaint fails to state a claim upon which punitive damages may be awarded.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claim for damages must fail to the extent that they have failed to mitigate those damages.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for special damages must fail because they have failed to plead those damages with specificity.

### TWENTY-NINTH DEFENSE

Plaintiffs' damages, if any, are barred by the doctrine of contributory negligence.

### THIRTIETH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to adhere to and perform contractual conditions and/or obligations.

### THIRTY-SECOND DEFENSE

Defendant pleads plaintiffs' contributory negligence caused their alleged damages.

### THIRTY-THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by the parol evidence rule since the contracts themselves embody the agreements of the parties.

### THIRTY-FOURTH DEFENSE

1359705                                    8

If Plaintiffs have suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties for whom Defendant should not be held responsible.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendant to this lawsuit.

_____

Robert R. Maddox (MAD028)
Reid S. Manley(MAN039)
Heath A. Fite (FIT01)


Attorneys for Defendant
GMAC Mortgage Corporation


**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION has been served on the following by e-mail and by depositing same in the United States mail, postage prepaid and properly addressed to:

James R. McKoon, Jr., Esq.
MCKOON & THOMAS
POST OFFICE BOX 3220
PHENIX CITY, AL 36868-3220

on this the 17th day of May, 2005.

_____
OF COUNSEL