IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2005 NOV -2 P 3: 28

| | |
|---|---|
| TIMOTHY P. THOMASON and<br>SABRA M. THOMASON )<br><br>Plaintiffs, )<br><br>v. )<br><br>GMAC MORTGAGE CORPORATION, )<br><br>Defendant. ) | CIVIL ACTION NO. 3:05cv1056-B |

## SUPPLEMENT TO NOTICE OF REMOVAL

**COMES NOW,** pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendant GMAC Mortgage Corporation ("GMAC" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby supplements the removal of this action from the Circuit Court of Russell County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division, and in support thereof, states as follows:

1. On November 1, 2005, GMAC removed this case pursuant to 28 U.S.C. §§ 1331, 1334, 1441 and 1446 (the "Notice of Removal").

2. In accordance with 28 U.S.C. § 1446(a), GMAC supplements the Notice of Removal by filing the document entitled *Subpoena Request Form* (w/ civil subpoenas) which

1409118

was filed in the Circuit Court of Russell County, Alabama on August 29, 2005. Said document is attached hereto as Exhibit A.

3. GMAC has provided written notice to all adverse parties of the filing of this Supplement to Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d).

                                      Respectfully submitted,

                                      Reid S. Manley (MAN039)
                                      Robert R. Maddox (MAD028)
                                      Alan D. Leeth (LEE038)

                                      Attorneys for Defendant
                                      GMAC MORTGAGE CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1409118                                        2

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 2ND day of November, 2005:

James R. McKoon, Jr., Esq.
P.O. Box 3220
Phenix City, AL 36868-3220
Tel.: (334) 297-2300

_____
OF COUNSEL

| State of Alabama Unified Judicial System | SUBPOENA REQUEST FORM | Case Number |
|---|---|---|
| Form C-12    10/86 | | CV 05-131 |

IN THE **CIRCUIT** COURT OF **RUSSELL** COUNTY

Plaintiff **Timothy P. Thomason and Sabra M. Thomason** v. Defendant **GMAC Mortgage Corporation**

In the matter of _____

Court Date _____ Court Time _____ Date Requested **August 26, 2005**

**TO BE COMPLETED BY REQUESTER**

The Clerk/Register is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for:

☐ Plaintiff    ☒ Defendant    ☐ Grand Jury    ☐ Other _____

| # | | | Date Issued | Date Executed | Remarks |
|---|---|---|---|---|---|
| 1. | Name | Custodian of Records | | | |
| | Address | Phenix Girard Bank<br>801 13th Street<br>Phenix City, AL 36867 | | | |
| 2. | Name | Custodian of Records | | | |
| | Address | Frontier National Bank<br>1678 South College Street<br>Auburn, AL 36832 | | | |
| 3. | Name | Custodian of Records | | | |
| | Address | SouthTrust Bank<br>616 13th Street<br>Phenix City, AL 36867 | | | |
| 4. | Name | CB&T Bank of Russell County | | | |
| | Address | 910 13th Street<br>Phenix City, AL 36867 | | | |
| 5. | Name<br>Address | Custodian of Records<br>Central Mortgage Company of Alabama<br>2 Metroplex Drive, Suite 111<br>Birmingham, AL 35209 | | | |

FILED IN OFFICE 2005 AUG 29 AM 11:41 CIRCUIT/DIST. COURT RUSSELL CO. ALA

**METHOD OF SERVICE REQUESTED:**

☒ Personal    ☐ Other

Date **8/26/05**

Clerk/Register

Party Requesting Subpoena
Reid S. Manley

_(signature)_
Signature

(205) 251-3000
Requester Phone No.



EXHIBIT A

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and
SABRA M. THOMASON

        Plaintiffs,

v.                               CIVIL ACTION NO. CV-05-131

GMAC MORTGAGE CORPORATION,

        Defendant.

CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:  Custodian of Records
Central Mortgage Company of Alabama, Inc.
2 Metroplex Drive, Suite 111
Birmingham, AL 35209

You are hereby commanded to do each of the following acts at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce copies of all documents and permit to be inspected all of the documents requested below:

1. Any and all records, documents and correspondence including, but not limited to, applications and credit reports, relating to Timothy P. Thomason, SSN 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 and DOB 1/16/68.

This request is to encompass any and all records which in any way relate to the above referenced lawsuit and should not be considered or construed as a limited request.

Such production and inspection is to take place by delivering copies of same to BURR & FORMAN LLP, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, Alabama 35203 within fifteen (15) days after receipt of this subpoena.

You are further advised that other parties to this action in which the subpoena has been issued have the right to a copy of the documents of such production and inspection.

Alternatively, you have the option of delivering or mailing legible copies of said documents or things to the requesting attorney, Reid Manley, at BURR & FORMAN LLP, 3100 SouthTrust Tower,

1384675

420 North 20th Street, Birmingham, Alabama 35203, but you may condition such activity on your part upon payment in advance by the party causing the issuance of the subpoena of the reasonable costs of the making of such copies.

The Defendant requesting such documents agrees to pay all reasonable expenses incurred by you. You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**Protection of Persons Subject to Subpoenas.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production

1384675                                2

shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events, or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and

1384675                            3

assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated this 16th day of August, 2005.

/s/ Reid S. Manley
Reid S. Manley (MAN039)
Robert R. Maddox (MAD028)
Heath A. Fite (FIT01)

Attorneys for Defendants
GMAC MORTGAGE CORPORATION

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1384675

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Subpoena for Production of Documents* has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the ___ day of August, 2005:

James R. McKoon, Jr., Esq.
McKOON & THOMAS
Post Office Box 3220
Phenix City, AL 36868-3220

_____
OF COUNSEL

ISSUED BY:

_____
Date

_____
CLERK OF COURT

## RETURN ON SERVICE

Received the subpoena at _____ on _____, 2005 and on _____, 2005 at _____.m. I served it on the within named _____ by delivering the subpoena to _____.

Dated this ___ day of _____, 2005.

_____
Process Server

RECEIVED
AUG 3 0 2005
LEE COUNTY
SHERIFFS DEPT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TIMOTHY P. THOMASON and )
SABRA M. THOMASON )
)
Plaintiffs, )
)
v. ) CIVIL ACTION NO. CV-05-131
)
GMAC MORTGAGE CORPORATION, )
)
Defendant. )
)

CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:  Custodian of Records
     Frontier National Bank
     1678 S College Street
     Auburn, AL 36832

FILED IN OFFICE
2005 AUG 29 AM 11:41
CIRCUIT/DIST. COURT
RUSSELL CO., AL

You are hereby commanded to do each of the following acts at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce copies of all documents and permit to be inspected all of the documents requested below:

1.  Any and all records, documents and correspondence including, but not limited to, applications and credit reports, relating to Timothy P. Thomason, SSN 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 and DOB 1/16/68.

This request is to encompass any and all records which in any way relate to the above referenced lawsuit and should not be considered or construed as a limited request.

Such production and inspection is to take place by delivering copies of same to BURR & FORMAN LLP, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, Alabama 35203 within fifteen (15) days after receipt of this subpoena.

You are further advised that other parties to this action in which the subpoena has been issued have the right to a copy of the documents of such production and inspection.

Alternatively, you have the option of delivering or mailing legible copies of said documents or things to the requesting attorney, Reid Manley, at BURR & FORMAN LLP, 3100 SouthTrust Tower,

1384534

420 North 20th Street, Birmingham, Alabama 35203, but you may condition such activity on your part upon payment in advance by the party causing the issuance of the subpoena of the reasonable costs of the making of such copies.

The Defendant requesting such documents agrees to pay all reasonable expenses incurred by you. You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production

shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events, or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and

1384534                                         3

2

assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated this 26th day of August, 2005.

                                /s/ Reid S. Manley
                                Reid S. Manley (MAN039)
                                Robert R. Maddox (MAD028)
                                Heath A. Fite (FIT01)

                                Attorneys for Defendants
                                GMAC MORTGAGE CORPORATION

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Subpoena for Production of Documents* has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the ___ day of August, 2005:

James R. McKoon, Jr., Esq.
MCKOON & THOMAS
Post Office Box 3220
Phenix City, AL 36868-3220

_____
OF COUNSEL

ISSUED BY:

_____
CLERK OF COURT

Date _____

## RETURN ON SERVICE

Received the subpoena at _____ on _____, 2005 and on _____, 2005 at _____ .m. I served it on the within named _____ by delivering the subpoena to ___Rhonda___.

Dated this __1__ day of ___Sept.___, 2005.

_____
Process Server

1384534                                                   5