IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY P. THOMASON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:05cv1056-MEF-DRB |
| GMAC MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT GMAC MORTGAGE CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**COMES NOW** Defendant GMAC Mortgage Corporation ("GMAC" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby opposes Plaintiff's Motion to Amend Complaint.  As grounds therefore, GMAC shows unto the Court the following:

1. On or about April 11, 2005, Plaintiff Timothy P. Thomason ("Plaintiff") commenced this action by filing a complaint against GMAC in the Circuit Court of Russell County, Alabama, Civil Action Number CV-05-131.  In the Complaint, Plaintiff purports to assert claims of negligence, wantonness and conversion based upon GMAC's alleged misapplication of payments and false reporting to credit agencies.

1413903

2. The trial of this matter was originally scheduled for August 12, 2005. (*See* Order of May 26, 2005, attached hereto as Ex. 1.) The trial was ultimately continued by joint motion of the parties to December 12, 2005. (*See* Order of September 23, 2005, attached hereto as Ex. 2.)

3. On or about October 27, 2005, Plaintiff filed his Motion to Amend Complaint and requested that the state court permit him to add a count for invasion of privacy against GMAC. (*See* Plaintiff's Motion to Amend Complaint, attached hereto as Ex. 3; *see also*, Plaintiff's Amended Complaint, attached to Ex. 3 as Ex. A.)

4. On November 1, 2005, GMAC removed this case pursuant to 28 U.S.C. §§ 1331, 1334, 1441 and 1446.

5. Not only does Plaintiff's attempt to amend the Complaint come over two (2) months after the case was originally set for trial, but it also comes after GMAC has taken Plaintiff's deposition. Rule 15(a) of the *Alabama Rules of Civil Procedure* provides in part that:

> Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the Court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. **Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause.**

Ala. R. Civ. P. 15(a) (emphasis added).[1] Since Plaintiff's motion was filed after the "first setting of the case for trial," leave to amend Plaintiff's Complaint, "shall be given *only* upon a showing of good cause." *See id*.

---

[1] Although the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts," they only apply "*after removal*." Fed. R. Civ. P. 81(c) (emphasis added); *see also*, *Matter of Meyerland*, 960 F.2d 512, 520 (5th Cir. 1992) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system."). Therefore, since Plaintiff's Motion to Amend Complaint was filed prior to the removal of this case, Alabama's Rules of Civil Procedure apply to Plaintiff's motion. In any

6. Plaintiff argues that the amendment will not prejudice Plaintiff because the amendment "does not require any additional or differen[t] evidence than would be developed or presented in support of Plaintiff's initial Complaint" and "Plaintiff has yet to take the deposition of any defense witness," (Plaintiff's Motion to Amend Complaint, Ex. 3, ¶¶ 3-4.) Plaintiff's Motion, however, is absolutely devoid of any reason or showing of "good cause" why he should be allowed to amend the complaint. Such a showing is required. Ala. R. Civ. P. 15(a).

7. Moreover, GMAC will be prejudiced if Plaintiff is permitted to alter his Complaint to allege a claim for invasion of privacy. While Plaintiff may "not require any additional or differen[t] evidence" to develop his initial complaint and "has yet to take the deposition of any defense witness," the same cannot be said for GMAC. GMAC has already taken the deposition of Plaintiff. The very essence of discovery is to allow the parties "to obtain discovery regarding any matter, not privileged, that is relevant to the *claim or defense* of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). At the time GMAC took Plaintiff's deposition, no claim for invasion of privacy had been alleged; therefore, no deposition testimony was sought regarding that particular claim or defense thereto. Allowing a new claim to be added after Plaintiff's deposition has been taken, would be highly prejudicial to GMAC. Therefore, Plaintiff's Motion to Amend Complaint is not only untimely, but also prejudicial to GMAC. Accordingly, Plaintiff's Motion to Amend Complaint is due to be denied.

8. In the alternative, should this Court be so inclined to allow Plaintiff to amend the Complaint, GMAC respectfully requests that it be allowed to re-depose Plaintiff in relation to the new claim for invasion of privacy.

---

event, Plaintiff's Motion to Amend Complaint does not satisfy the "justice so requires" standard of Federal Rule of Civil Procedure 15(a) for the same reasons set forth herein.

**WHEREFORE, PREMISES CONSIDERED**, GMAC requests this Court (1) to deny Plaintiff's Motion to Amend Complaint because Plaintiff has failed to show "good cause," the motion is untimely and granting of the motion would be prejudicial, or (2) in the alternative, enter an Order allowing GMAC an opportunity to re-depose Plaintiff with respect to the new claim for invasion of privacy.

        Respectfully submitted,

        s/ Alan D. Leeth _____
        Reid S. Manley (MAN039)
        Robert R. Maddox (MAD028)
        Alan D. Leeth (LEE038)

        Attorneys for Defendant
        GMAC MORTGAGE CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

     I hereby certify that on November 21, 2005, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following: **James R. McKoon, Jr., Esq.**

s/ Alan D. Leeth _____
OF COUNSEL
