IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2005 NOV 22  A 9: 46

TIMOTHY P. THOMASON, )

    Plaintiff,

                    ) CASE NO. 3:05:CV:1056-F

vs. )
                    )

GMAC MORTGAGE )
CORPORATION, )
                    )

    Defendant. )

---

Removed From The
Circuit Court of Russell County, Alabama
at Phenix City, Alabama
Case No. CV-05-131

---

## *PLAINTIFF'S MOTION TO REMAND AND SUPPORTING BRIEF*

---

JAMES R. McKOON, JR. (MCK020)
Attorney for Plaintiff
McKoon & Thomas
P. O. Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

## *TABLE OF AUTHORITIES*

### *CASE*                                                                    *PAGE NO.*

Alan Belcher d/b/a Belcher Sprinkler Company, PC vs. Interstate Fire
and Casualty Company and Wiggins Insurance Agency
United States District Court for the Middle District of Alabama,
Eastern Division, Civil Action Number 03-F-100-E ..................... 7,8

Burns v. Windsor
31 F.3rd 1092 (11th Cir. 1994) ............................................... 6, 7

Kliebert v. Upjohn Co.
915 F.2nd 142 (5th Cir. 1990) ................................................. 6

Poore v. American – Amicable Life Ins. Co. of Texas
218 F.3rd 1287, 1290-91 (11th Cir. 2000) ................................. 7

Williams v. Best Buy Company, Inc.,
296 F/3rd 1316. 1321 )11th Cir. 2001) ..................................... 7

### *CODE SECTION*

28 U.S.C. § 1332 (a) ......................................................... 3

## *TABLE OF CONTENTS*

**PAGE NO.**

TABLE OF AUTHORITIES ……………………………………..ii

PLAINTIFF'S MOTION TO REMAND …………………………. 1

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND … 5

ARGUMENT ……………………………………………………. 5

CONCLUSION ………………………………………………….. 8

CERTIFICATE OF SERVICE ………………………………….. 8

## *EXHIBIT TABS*

COMPLAINT ……………………………………………… A

PLAINTIFF'S MOTION TO AMEND COMPLAINT...................... B

DEFENDANT'S SECOND SET OF REQUESTS FOR
ADMISSIONS TO PLAINTIFFS…………………..………………… C

PLAINTIFF'S RESPONSES TO DEFENDANT'S SECONDSET
OF REQUEST FOR ADMISSIONS ..……………………………… D

RE-NOTICE OF TAKING DEPOSITION …………………………. E

ORDER ………………………………………………………….. F

LETTER ………………………………………………………….G

ORDER AND MEMORANDUM OPINION ……………………… H

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TIMOTHY P. THOMASON,              )
                                   )
        Plaintiff,                 )
                                   )  CASE NO. 3:05:CV:1056-F
vs.                                )
                                   )
GMAC MORTGAGE                      )
CORPORATION,                       )
                                   )
        Defendant.                 )

### PLAINTIFF'S MOTION TO REMAND

Comes now the Plaintiff in the above styled cause and states unto the Court as follows:

1.  This action was filed in the Circuit Court of Russell County, Alabama, on April 11, 2005. In the Complaint, Plaintiff asserts claims of negligence, wantonness and conversion based upon Defendant's misapplication of payments and false reporting to credit agencies. Plaintiff filed a Motion to Amend his Complaint to add a claim for invasion of privacy on October 7, 2005. Plaintiff alleges that as a result of Defendant's conduct, Plaintiff has been caused to suffer "emotional distress, mental anguish, embarrassment and that his credit has been damaged". Plaintiff's Complaint demands damages from Defendant in an

1

amount not to exceed $75,000.00 in the aggregate as to all counts. (See Exhibit "A", Complaint and Exhibit "B", Motion to Amend Complaint with attached amendment).

2.  On July 5, 2005, GMAC served its Second Request for Admissions to Plaintiffs. (See Second Request for Admissions, attached hereto as Exhibit "C") Therein, GMAC sought admissions that, among other things, Plaintiff's claims do not exceed $75,000.00. (See Exhibit "C").

3.  On October 3, 2005, Plaintiff served his response to GMAC's second requests for admissions. (See Exhibit "D"). Plaintiff admitted that on the date the Complaint was filed he did not intend to seek damages in excess of $75,000.00 from the Defendant. For each of the remaining requests seeking to limit Plaintiff's damages to $75,000.00 exclusive of interests and costs and no more, Plaintiff gave the same following response:

**Since the Defendant has thus far refused to provide a deposition date for its 30 (b)(6) Representative, Plaintiff cannot at this time admit that his damages will be limited to $75,000.00. It is Plaintiff's intention at this time to claim no more than $75,000.00. If discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000.00, Plaintiff reserves the right to claim damages in excess of $75,000.00**

4.    Only after Plaintiff responded to Defendant's Second Request for Admissions did Defendant finally agree on a deposition date for Defendant's 30 (b)(6) Representative.  Said deposition was scheduled by agreement of the attorneys for the parties for November 8, 2005 at the office of Defendant's counsel in Birmingham, Alabama and noticed for that date.  (A copy of said notice is attached as Exhibit "E").

5.    Trial of this case was set for December 12, 2005.  (See Exhibit "F").

6.    Defendant now seeks removal of this case and as such has cancelled the deposition of Defendant's 30 (b)(6) Representative.  (See Exhibit "G").

7.    GMAC Mortgage Corporation filed a Notice of Removal of this case to the United States Federal District Court for the Middle District of Alabama, Eastern Division on November 1, 2005.

The Plaintiff respectfully moves this Court to remand this cause to the Circuit Court of Russell County, Alabama, on the basis of lack of subject matter jurisdiction.  The Defendant has not proven to a legal certainty that the amount in controversy exceeds at $75,000.00 as required by 28 U.S.C. 1332(a) and the case law applicable to this section.

3

WHEREFORE, the above premises considered, the Plaintiff respectfully moves this Court to remand this cause of action to the Circuit Court of Russell County, Alabama, on the basis that this Court lacks subject matter jurisdiction and for such other relief as the Court deems appropriate.

Respectfully submitted this 21st day of November, 2005.

JAMES R. McKOON, JR. (McK020)
Attorney for Plaintiff
McKoon & Thomas
P. O. Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:05:CV:1056-F |
| vs. | ) | |
| | ) | |
| GMAC MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## *PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND*

The Defendant has removed this case to the United States District Court under this Court's diversity jurisdiction. This Court, however, lacks subject matter jurisdiction over this case. The Defendant has not shown to a legal certainty that if the Plaintiff recovers, the award will be in excess of $75,000.00. Accordingly, this case is due to be remanded to the Circuit Court of Russell County, Alabama.

## *ARGUMENT*

**I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE BECAUSE THE DEFENDANT CANNOT PROVE TO A LEGAL CERTAINTY THAT THE PLAINTIFF, IF SUCCESSFUL, WILL RECOVER MORE THAN $75,000.00.**

The controlling case law with regard to determining the amount in controversy for deciding whether a district court has subject matter

5

jurisdiction over a case is <u>Burns v. Windsor</u>, 31 F.3rd 1092 (11th Cir. 1994).

In Burns, a Defendant removed a case to the Federal District Court based on

diversity jurisdiction. The Plaintiff in Burns claimed damages in the amount

of $45,000.00. The Plaintiff filed a Motion to Remand to State Court, which

the Trial Court denied. On appeal, the Eleventh Circuit reversed the District

Court's decision to deny Plaintiff's Motion to Remand. In discussing its

decision, the Court noted that Federal Courts are of limited jurisdiction and

that where a Plaintiff and Defendant clash about jurisdiction uncertainties

those uncertainties are resolved in favor of remand. <u>Id.</u> at 1095. The Court

rejected the Defendant's argument that the Federal Court had jurisdiction

unless it appeared to a legal certainty that the claim was for less than

$50,000.00, the jurisdictional limit at that time. The Eleventh Circuit held

the exact opposite opinion:

> "That is, Defendant must prove to a legal certainty that Plaintiff's
> claim must exceed $50,000.00. This strict standard is consistent with
> case law and Congress' policy of limiting federal diversity
> jurisdiction."

> <u>Id.</u>, supra, at 1095-1096. (Emphasis Added).

The Court noted that this decision was in line with a recent Fifth

Circuit opinion. <u>Id.</u>, at 1096. See <u>Kliebert v. Upjohn Co.</u>, 915 F.2nd 142 (5th

Cir. 1990).

6

The Defendant's burden is heavy. To prevail the Defendant must prove that, should the Plaintiff prevail, "an award below the jurisdictional award would be outside the range of permissible awards." Burns, supra at 1096. In determining whether removal was proper, the Court assesses its jurisdiction as of the time of removal. Id. at 1097, N13; Williams v. Best Buy Company, Inc., 296 F.3rd 1316, 1321 (11th Circuit, 2001); Poore v. American – Amicable Life Ins. Co. of Texas, 218 F.3rd 1287, 1290-91 (11th Cir. 2000).

In the present case, the Defendant's argument that the Plaintiff's refusal to disclaim damages in excess of $75,000.00 is insufficient to satisfy the Defendant's heavy burden of proving to a legal certainty that – at the time of removal – the actual amount in controversy was more than $75,000.00, exclusive of interest and costs. Burns, supra; Best Buy, supra.

In the Best Buy case the Court made it clear that a Plaintiff's refusal to stipulate to damages of less than $75,000.00 standing alone falls far short of satisfying the Defendant's heavy burden. Also, see this Court's Order and Memorandum Opinion in the case of Alan Belcher d/b/a Belcher Sprinkler Company, PC vs. Interstate Fire and Casualty Company and Wiggins Insurance Agency, United States District Court for the Middle

7

District of Alabama, Eastern Division, Civil Action Number 03-F-1001-E (A copy of said Opinion is attached hereto as Exhibit "H").

### *CONCLUSION*

This case should be remanded to the Circuit Court of Russell County for lack of subject matter jurisdiction with such other action as the Court may deem appropriate.

Respectfully submitted this 21st day of November, 2005.

> JAMES R. McKOON, JR. (MCK020)
> Attorney for Plaintiff
> McKoon & Thomas
> P. O. Box 3220
> Phenix City, Alabama  36868-3220
> (334) 297-2300

### *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing has been served on the following by directing same of their office addresses through first-class, United States mail, postage prepaid, on this the 21st day of November, 2005.

Reid S. Manley, Esq.
Robert R. Maddox, Esq.
Burr & Forman
420 North Twentieth Street
Suite 3100
Birmingham, Alabama  35203-5206

OF COUNSEL

8