## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| TIMOTHY P. THOMASON and<br>SABRA M. THOMASON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV-05-131 |
| | ) | |
| GMAC MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

EXHIBIT

C

### DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS

Defendant GMAC Mortgage Corporation ("Defendant"), by and through its undersigned counsel, and pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, propounds to Plaintiffs, Timothy P. Thomason and Sabra M. Thomason ("Plaintiffs"), the following requests for admissions to be answered separately and severally, under oath, by each plaintiff, to wit:

### INSTRUCTIONS

1.      In responding to the following requests, you are requested to set forth all of the information known to you or available to you, including, but not limited to, all relevant and non-privileged information contained in your records or writings or documents in your possession or under your control, and all relevant and non-privileged information known to or in the possession of your attorneys.

2.      In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, stating whatever

1374302

information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

3.      If you encounter any ambiguity in construing the discovery requests or instructions, set forth the matter deemed "ambiguous" and respond to the request by indicating the construction chosen and used in responding.

4.      In the event that any answer called for by any request, or document covered by any request, is withheld on the basis of privilege or any similar claim, please furnish a list identifying each answer or document so withheld, together with the following information:

      (a)      The reason for withholding, and

      (b)      A statement of facts construing the basis for any claim of privilege, work product or other ground of nondisclosure.

5.      If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6.      These requests, and all subsequent interrogatories and requests, shall be deemed continuing until and during the course of trial. Information sought by these requests that you obtain after you serve your responses are requested to be disclosed by a supplemental response without further request.

## DEFINITIONS

1.      The words "you," "your" and "yours" mean both plaintiffs in this action, as well as all attorneys, consultants, agents, representatives, and any and all other persons or entities acting on behalf of or at the direction of the named plaintiffs.

2.      As used herein, the term "defendant" shall mean any defendant named in the action, jointly and severally, together with their agents, employees, or representatives and all persons acting or purporting to act on their behalf.

3.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

4.      Whenever relevant, words in the singular shall include the plural thereof.

5.      As used herein the term "and" shall include "or," and "or" shall include "and." "All" and "any" shall also mean "any and all."

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**:    Admit that on the date you filed this action you did not intend to seek damages in excess of $75,000.00 from Defendant.

**REQUEST NO. 2**:    Admit that you irrevocably agree that the amount of damages claimed by you in this action is and will forever be no more than $75,000.00, exclusive of interest and cost.

**REQUEST NO. 3**:    Admit that, under no circumstances will you accept a judgment or settlement in this action in excess of $75,000.00 from Defendant.

**REQUEST NO. 4**:    Admit that you agree, acknowledge and understand that the limitation of damages sought in this action is binding upon you, your heirs, executors, administrators, and assigns and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigations, discovery, pre-trial or trial of this action.


Robert R. Maddox (MAD028)
Reid S. Manley(MAN039)
Heath A. Fite (FIT01)

Attorneys for Defendants
GMAC MORTGAGE CORPORATION

1374302                                          3

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant's Second Set of Requests For Admissions To Plaintiffs* has been served on the following by directing same to their office addresses via facsimile and through first-class, United States mail, postage prepaid, on this the 5th day of July, 2005:

James R. McKoon, Jr., Esq.
MCKOON & THOMAS
Post Office Box 3220
Phenix City, AL 36868-3220


_____
OF COUNSEL

1374302                                      4