FILED
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OCT 22 ....

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

ALAN BELCHER d/b/a BELCHER )
SPRINKLER COMPANY, PC, )
 )
Plaintiff, )
 )
v. ) CIVIL ACTION NO. 03- F-1001-E
 )
INTERSTATE FIRE AND CASUALTY )
COMPANY and WIGGINS INSURANCE )
AGENCY, )
 )
Defendants. )

EXHIBIT H

## ORDER AND MEMORANDUM OPINION

This case is before the court on the Plaintiff's Motion to Remand (Doc. #4), filed on October 9, 2003. On October 17, 2003, the defendants filed an brief in opposition to remand, entitled Interstate Fire and Casualty Company's Response to Plaintiff's Motion to Remand (Doc. #7). For the reasons set forth below, the Plaintiff's Motion to Remand (Doc. #4) is due to be GRANTED.

In *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095-96 (11th Cir. 1994), the Eleventh Circuit Appeals Court held that when a plaintiff files a complaint in state court demanding damages less than the jurisdictional amount, in order to properly remove to federal court the defendant must "prove *to a legal certainty* that the plaintiff's claim *must* exceed" the jurisdictional amount (emphasis added). The present case is on all fours with *Burns*. The Plaintiff filed a complaint in state court claiming damages of $74,500, $500 below the jurisdictional limit. See 28 U.S.C. §1332(a). Thus in order to defeat the

EOD 10/22/03                                                                 8

motion to remand, the defendants must prove *to a legal certainty* that the plaintiff's damages claim is erroneous. The defendants have failed to meet this high burden. To support their argument, the defendants rely on the plaintiff's admission that if circumstances change or additional evidence is discovered, the plaintiff would seek and accept more than $75,000. The defendants in *Burns* relied on exactly this type of admission, and the Court found it inadequate. *See Burns*, 31 F.3d at 1093, 1097. Accordingly, this Court also finds that the plaintiff's admission is inadequate evidence upon which to conclude that plaintiff's claim *must* exceed $75,000.

Unfortunately, the Defendants erroneously relied on two district court cases that are clearly distinguishable from the facts of this case. In *Brooks v. Pre-Paid Legal Services*, 153 F. Supp. 2d 1299, 1300 (M.D. Ala. 2001) and *Moss v. Voyager Ins. Co.*, 43 F. Supp. 2d 1298, 1300 (M.D. Ala. 1999), the plaintiffs had filed claims in state court stating unspecified damages. When a plaintiff claims unspecified damages, the defendant's burden is lighter. The defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *See Brooks*, 153 F. Supp. 2d at 1300. Apparently believing that this was the correct analysis in the present case, the defendants state that "the Defendants have demonstrated by a preponderance of evidence that the amount in controversy will more likely than not exceed $75,000." The court need not decide the issue. Because the Plaintiff did claim a specific amount below the jurisdictional threshold, the

2

preponderance of the evidence standard is inapplicable to the present case.

Because the defendants have failed to prove to a legal certainty that the plaintiff's claim must exceed $75,000, this Court lacks subject matter jurisdiction to hear the case. Accordingly, the Plaintiff's Motion to Remand (Doc. #4) is GRANTED and this case is REMANDED to the Circuit Court of Russell County, Alabama.

The clerk of court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Russell County, Alabama.

DONE this 22<u>nd</u> day of October, 2003.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE