IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY P. THOMASON and <br> SABRA M. THOMASON <br><br> Plaintiffs, <br><br> v. <br><br> GMAC MORTGAGE CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 3:05cv1056-MEF-DRB <br> ) <br> ) <br> ) <br> ) <br> ) |

**GMAC MORTGAGE CORPORATION'S RESPONSE TO MOTION TO REMAND**

**COMES NOW** Defendant GMAC Mortgage Corporation ("GMAC" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submits this memorandum response to Plaintiff's Motion to Remand.

**I.**

**INTRODUCTION**

This Court should deny Plaintiffs' Motion to Remand and retain jurisdiction of this case on the basis of diversity jurisdiction. In the complaint, Plaintiff Timothy Thomason ("Plaintiff"), resident of the State of Alabama, purports to state claims against GMAC, a corporate citizen of the State of Pennsylvania. Further, for the reasons set forth herein and in GMAC's Notice of Removal, GMAC has proven to a "legal certainty" that the amount in controversy is met in that

(1) Plaintiff would not admit, despite the so-called restriction in the complaint, that his damages are truly limited to $75,000 and (2) it is clear that if the allegations of the complaint are correct, the amount in controversy requirement would be satisfied based upon recent jury verdicts in Alabama arising from similar allegations. Accordingly, Plaintiff's Motion to Remand is due to be denied.

## II.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint against GMAC in the Circuit Court of Russell County, Alabama, Civil Action Number CV-05-131, which is a state court within this judicial district. In the complaint, Plaintiff asserts claims of negligence, wantonness and conversion based upon GMAC's alleged misapplication of payments, harassing collection calls and false reporting to credit agencies.[1] Plaintiff alleges that as a result of GMAC's conduct, Plaintiff was caused to suffer "emotional distress, mental anguish, embarrassment," and damage to his credit. (Complaint, ¶¶ 13, 15 & 17.) Plaintiff's complaint demands judgment against GMAC, and purports to limit the damages he seeks to an amount not to exceed $75,000.

After GMAC answered Plaintiff's complaint, GMAC served request for admissions to Plaintiff in order to determine if Plaintiff truly intended not to seek an amount of damages in excess of the jurisdictional amount. GMAC sought admissions that, among other things, Plaintiff's claims do not exceed $75,000. (*See* Second Requests for Admissions, attached hereto as Ex. A.) Specifically, GMAC requested:

> **Request No. 2:** Admit that you irrevocably agree that the amount of damages claimed by you in this action is and will forever be no more than $75,000.00, exclusive of interest and cost.

---

[1] On or about October 27, 2005, Plaintiff filed a motion to amend the complaint to add a claim for invasion of privacy.

>**Request No. 3:** Admit that, under no circumstances will you accept a judgment or settlement in this action in excess of $75,000.00 from Defendant.
>
>**Request No. 4:** Admit that you agree, acknowledge and understand that the limitation of damages sought in this action is binding upon you, your heirs, executors, administrators, and assigns and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigations, discovery, pre-trial or trial of this action.

(Second Requests for Admissions, Ex. A.)

Despite the alleged "limitation" of damages in Plaintiff's complaint, Plaintiff's responses to GMAC's requests for admissions show that he has not foregone and is not willing to forego his right to seek more. In particular, Plaintiff refused to admit that his damages in this action are limited to $75,000. Plaintiff stated that:

>Since the Defendant has thus far refused to provide a deposition date for its 30(b)(6) Representative, Plaintiff cannot at this time admit that his damages will be limited to $75,000. It is Plaintiff's intention at this time to claim no more than $75,000. <u>If discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000, Plaintiff reserves the right to claim damages in excess of $75,000</u>.

(Plaintiff's Responses to Defendant's Second Set of Request for Admissions, attached hereto as Ex. B, ¶¶ 2-4) (emphasis added).

In light of Plaintiff's failure to truly limit his damages, GMAC removed this case to this Court on the basis of diversity jurisdiction on November 1, 2005. In his motion to remand and supporting brief, Plaintiff argues that the case is due to be remanded because GMAC has not proven to a legal certainty that the amount in controversy is met. For the following reasons, this contention is without merit and Plaintiff's Motion to Remand is due to be denied.

1417678                                3

## III.

## ARGUMENT

This Court should deny Plaintiff's Motion to Remand because, as demonstrated below, notwithstanding Plaintiff's prayer for relief, it is evident based upon Plaintiff's refusal to admit that he will not seek nor accept more than $75,000, that the amount in controversy is satisfied because of recent jury verdicts in Alabama. Consequently, Plaintiff's Motion to Remand is due to be denied.

### A. GMAC HAS PROVEN TO A LEGAL CERTAINTY THAT THE AMOUNT IN CONTROVERSY IS SATISFIED.

While GMAC recognized that when a plaintiff makes a specific demand for judgment less than $75,000, the defendant must prove to a *legal certainty* that the plaintiff is actually seeking more than $75,000; however, "[a]dopting this standard does not mean that a removing defendant can never prevail." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1451 (S.D. Ala. 1997) (emphasis added); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). In this regard, the legal certainty test can be met if the defendant shows that if the plaintiff were to prevail, an "award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than" $75,000. *Burns*, 31 F.3d at 1095-96.

Plaintiff asserts claims of negligence, wantonness and conversion based upon GMAC's alleged misapplication of payments, harassing collection calls and false reporting to credit agencies. Plaintiff alleges that as a result of GMAC's conduct Plaintiff was caused to suffer "emotional distress, mental anguish, embarrassment," and damage to his credit. (Complaint, ¶¶ 13, 15 & 17.) Plaintiff's complaint demands judgment against GMAC, and purports to limit the damages he seeks to an amount not to exceed $75,000. This attempt to limit the damages,

however, is not sufficient to deprive this Court of jurisdiction. Plaintiff is not bound, either under Alabama or Federal law, by the damages limitation in his complaint. Both the Alabama and Federal Rules of Civil Procedure 54(c) provide "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Additionally, the Alabama Supreme Court has held that "the amount claimed does not necessarily limit the amount of recoverable damages." *Fuller v. Preferred Risk Life*, 577 So. 2d 878, 883 (Ala. 1991); s*ee also*, *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1410 (5th Cir. 1995) ("The majority of states now, however, have followed the example of Fed. R. Civ. P. 54(c) and do not limit damage awards to the amount specified in the *ad damnum* clause of the state court pleading"). Consequently, it is abundantly clear that Plaintiff's prayer for relief does not effectively limit his damages to $75,000.00.

Despite the limitations on damages in Plaintiff's pleadings to $75,000, Plaintiff would not admit that his damages are in fact limited to $75,000. In this regard, Plaintiff responded, in part, stating that "[i]f discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000, Plaintiff reserves the right to claim damages in excess of $75,000." (*See* Plaintiff's Responses to Defendant's Second Set of Request for Admissions, attached hereto as Ex. B) (emphasis added). It is apparent that Plaintiff's "limitation" on damages is simply an attempt to avoid the jurisdiction of this Court. By refusing to admit (1) that he will not seek more than $75,000; (2) that he will not accept more than $75,000; and (3) that the limitation of damages sought in this action is binding upon him regardless of any developments which may occur during the litigation of this action, Plaintiff is attempting to avoid the jurisdiction of this Court and at the same time not limit his damages to $75,000 - i.e., Plaintiff is trying to have his cake and eat it to. The removal process was created by Congress to

protect defendants. Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). It is apparent that Plaintiff is reaching in to the proverbial "bag of tricks" in an attempt to avoid this Court's jurisdiction.

Certainly in light of his responses to GMAC's second set of requests for admissions, simply seeking an award not to exceed $75,000 is not enough to avoid the jurisdiction of this Court. *See Taylor v. Campbell*, 852 F. Supp. 978 (M.D. Ala. 1994) (J. Albritton). In *Taylor*, Judge Albritton held that Plaintiff was required to submit affidavit that not only stated that he did not intend to seek more than [$75,000] when the complaint was filed, but must also state that (1) plaintiff irrevocably agrees that the amount of damages claimed by him in this action is and will forever be no more than [$75,000] exclusive of interest and costs; (2) plaintiff irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount in damages which may be sought by or awarded him in this case, and that this cap shall be set as [$75,000] exclusive of interest and costs; (3) plaintiff will under no circumstances accept a judgment or settlement in this case in excess of [$75,000]; and (4) plaintiff agrees, acknowledges, and understands that this agreement is binding upon him and his heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action. *See id*. at 979. These are the very requests for admissions that Plaintiff refuses to admit in this case. (*See* Exs. A & B.) Accordingly, Plaintiff's attempt to limit his damages in his complaint must be disregarded.

Further, unlike the defendant in *Burns*, who "offered no proof that plaintiff's prayer [was] grossly inconsistent with her alleged damages," GMAC has sufficiently demonstrated in its

Notice of Removal that if Plaintiff were to prevail on his claims, he certainly could recover more than the jurisdictional amount based on recent jury verdict in Alabama. Damages in negligence, wantonness and conversion actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction. It is clear, to a legal certainty, that if the allegations of Plaintiff's complaint are correct, the amount in controversy requirement of $75,000 would be satisfied. Recent jury verdicts in Alabama reflect the potential magnitude of damages arising from similar claims and allegations. *See New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages and $5,000,000 in punitive damages to two Plaintiffs for emotional distress caused by issuance of false credit rating); *Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish and $2,000,000 punitive damages awarded in fraud and breach of contract matter); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000.00 award of compensatory damages was attributed to mental anguish); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LRP JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,800 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional

distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America,* CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud); *Shiv-Ram, Inc. v. McCaleb*, 892 So. 2d 299 (Ala. 2003) (awarding $176,572 in compensatory damages and $500,000 in punitive damages in negligence and wantonness action); *Mobile Infirmary Medical Center v. Hodgen*, 884 So. 2d 801 (Ala. 2003) (jury awarded $2,250,000 in punitive damages in negligence and wantonness action.  Damages were later remitted to $1,500,000); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908 (Ala. 2002) (jury awarded total of $6,250,000 in compensatory damages in negligence and wantonness matter); *Kmart v. West*, 779 So. 2d 1188 (Ala. 2000) ($63,000 in compensatory damages and $250,000 in punitive damages awarded in negligence and wantonness case); *Kmart v. Peak*, 757 So. 2d 1138 (Ala. 1999) (in case for negligence and wantonness jury awarded $100,000 in compensatory damages and $225,000 in punitive damages); *Gulf States Steel, Inc. v. Whisenant*, 703 So. 2d 899 (Ala. 1997) (jury awarded $400,000 in compensatory damages in negligence and wantonness action); *Dempsey v. Phelps*, 700 So. 2d 1340 (Ala. 1997) (awarding $145,000 in compensatory damages and $125,000 in punitive damages for negligence and wantonness matter); *Akins Funeral Home, Inc. v. Miller*, 878 So. 2d 267 (Ala. 2003) ($450,000 in compensatory damages and $150,000 in punitive damages awarded in case involving claims of negligence, wantonness and outrage); *Roberson v. Ammons,* 477 So. 2d 957 (Ala. 1986) ($100,000 punitive damage award in conversion matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion

and trespass matter); *Oliver v. Town*, 770 So. 2d 1059 (Ala. 2000) ($249,000.00 award of punitive damages in conversion action). Furthermore, GMAC has previously cited in its Notice of Removal other examples of verdicts which exceed the jurisdiction amount. (*See* Notice of Removal, ¶¶ 20-22.) Thus, the amount in controversy requirement has been established.

Plaintiff's failure to admit that his damages are limited to $75,000 coupled with the overwhelming evidence that recent verdicts in Alabama for claims of negligence, wantonness and conversion actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms, establish to a legal certainty that there is no question that the amount in controversy requirement has been satisfied in this case. Accordingly, Plaintiff's Motion to Remand is due to be denied.

### B. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE REQUIRED TO FILE AN AFFIDAVIT LIMITING DAMAGES.

In the event the Court determines that GMAC has not met its burden, and determines that this case is due to be remanded, GMAC requests that the Court require Plaintiff to file an affidavit stating the concessions set forth in *Taylor v. Campbell*, 852 F. Supp. 978, 979-980 (M.D. Ala. 1994) prior to remand. As stated above, in *Taylor*, Judge Albritton held that in order to satisfy the court that the amount in controversy requirement is not met, the plaintiff must file an affidavit containing the following concessions:

> 1. He did not intend to seek damages in excess of the total amount of [$75,000] at the time the complaint was filed.
>
> 2. He irrevocably agrees that the amount of damages claimed by him in this action is and will forever be no more than [$75,000] exclusive of interest and costs.
>
> 3. He irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to him in this case, and that this cap shall be set as [$75,000] exclusive of interest and costs.

> 4. He will under no circumstances accept a judgment or settlement in this case in excess of [$75,000].
>
> 5. He agrees, acknowledges, and understands that this agreement is binding upon him and his heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

*Taylor*, 852 F. Supp. at 979-980. Judge Albritton held that until plaintiff filed this affidavit with the court, the court could not be assured that any recovery by the plaintiff would be for less than the jurisdictional amount. *See id.* Because the prayer for relief obviously does not limit the amount of damages sought by Plaintiff, GMAC respectfully requests that in the event the Court remands this matter to state court, the Court first require Plaintiff to submit an affidavit similar to the one in *Taylor*. Without such a requirement, Plaintiff would be allowed a convenient way of avoiding this Court's jurisdiction. Plaintiff could simply limit his damages in the complaint, not really mean it (as evident by responses to requests for admissions) and try his case in state court with the anticipation that a jury would award damages far exceeding his so-called damage limitation. Plaintiff should be required to either limit his damages or prosecute his case in federal court. Plaintiff should not be able to avoid both.

## IV.

## CONCLUSION

There is no question that the citizenship of the parties to this matter are completely diverse. Further, GMAC has demonstrated to a legal certainty that the jurisdictional amount in controversy has been satisfied. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Based on the foregoing and Notice of Removal, GMAC respectfully requests that this Court deny Plaintiff's Motion to Remand and exercise jurisdiction over this

matter. In the alternative, GMAC respectfully requests that the Court order Plaintiff to submit an affidavit truly limiting the amount of damages sought in this action.

        Respectfully submitted,

        s/ Alan D. Leeth  _____
        Reid S. Manley (MAN039)
        Robert R. Maddox (MAD028)
        Alan D. Leeth (LEE038)

        Attorneys for Defendant
        GMAC MORTGAGE CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>December 6, 2005</u>, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following: **James R. McKoon, Jr., Esq.**

<u>s/ Alan D. Leeth</u> _____
OF COUNSEL
