IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY P. THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:05-CV-1056-WKW |
| ) | |
| GMAC MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the plaintiff's Motion to Remand (Doc. # 8) filed on November 22, 2005. For the reasons stated below, the Court finds that the Motion to Remand is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Timothy Thomason ("Thomason") originally filed a complaint against GMAC in the Circuit Court of Russell County, Alabama, alleging claims of negligence, wantonness and conversion based on events related to mortgage loan accounts. Defendant GMAC Mortgage Corporation ("GMAC") removed the case on November 1, 2005, claiming that this Court has federal jurisdiction pursuant to 28 U.S.C. § 1332. Thomason is a citizen of Alabama; GMAC is a citizen of Pennsylvania. GMAC claims that the amount in controversy exceeds $75,000. This contention is based upon previous jury awards in cases involving similar causes of action, and upon the plaintiff's discovery responses, in which he refused to admit that he would under no circumstances seek or accept more than $75,000 in damages. GMAC served the following requests for admission on Thomason:

> Request No. 1: Admit that on the date you filed this action you did not intend to seek damages in excess of $75,000.00 from Defendant.
>
> Request No. 2: Admit that you irrevocably agree that the amount of damages claimed by you in this action is and will forever be no more than $75,000.00, exclusive of interest and cost.
>
> Request No. 3: Admit that, under no circumstances will you accept a judgment or settlement in this action in excess of $75,000.00 from Defendant.
>
> Request No. 4: Admit that you agree, acknowledge and understand that the limitation of damages sought in this action is binding upon you, your heirs, executors, administrators, and assigns and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigations, discovery, pre-trial or trial of this action.

To the first request, Thomas responded, "Admitted." To requests two, three and four, Thomason provided the following response:

> Since the Defendant has thus far refused to provide a deposition date for its 30 (b)(6) Representative, Plaintiff cannot at this time admit that his damages will be limited to $75,000.00. It is Plaintiff's intention at this time to claim no more than $75,000.00. If discovery reveals evidence that indicates Plaintiff would be entitled to claim damages in excess of $75,000.00, Plaintiff reserves the right to claim damages in excess of $75,000.00.

Thomason moved to remand, claiming that the defendant has not shown, to a legal certainty, that the amount in controversy in this case exceeds $75,000.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of

this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted). These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id.*

### III. DISCUSSION

GMAC's removal of this case is based on (1) jury awards in previous cases, and (2) Thomason's refusal to admit he will not seek or accept more than $75,000 in damages. As the Eleventh Circuit has noted, the "plaintiff is still the master of his own claim." *Burns*, 31 F.3d at 1095 (citing Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")). For this reason, the burden on GMAC to prove that federal jurisdiction exists is a heavy one; the "defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." *Burns*, 31 F.3d at 1095. GMAC's evidence of past jury awards does not establish, to a legal certainty, that Thomason's damages in this case would exceed $75,000. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (finding that evidence of past jury awards is not sufficient to establish that the amount in controversy exists and noting that "mere citation to what has happened in the past does nothing to

overcome the indeterminate and speculative nature of [the defendant's] assertion . . . ."). Further, because Thomason is master of his own claim, he is free to self-impose a limit on his damages, and it is not the role of the courts to second-guess this self-imposed limitation. The Eleventh Circuit has noted that lawyers are officers of the court who have a duty to research their clients' cases as well as a duty of candor to the court. For this reason, the Court "will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Burns*, 31 F.3d at 1095.

GMAC argues that, because Thomason will not unequivocally renounce any possibility that further discovery might reveal that his damages are in excess of $75,000, this Court should assume jurisdiction over the case. The defendant's logic does not follow the mandate of the Eleventh Circuit, which requires that GMAC prove to a legal certainty that Thomason *must* recover more than $75,000. Thomason's refusal to admit, early in the discovery process, that his damages could ever exceed $75,000, does not meet this stringent standard. *See Burns*, 31 F.3d at 1096-97 ("Under defendant's proposed rule, anytime a plaintiff sued for less than the jurisdictional amount but there remained even a possibility that she would amend her claim or be awarded more than she pleaded, jurisdiction would exist. This approach would unacceptably broaden removal jurisdiction.").

GMAC has not demonstrated to a legal certainty that Thomason's damages exceed $75,000; therefore, there is no federal jurisdiction in this case under 28 U.S.C. § 1332.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that defendant has not met its burden of establishing federal jurisdiction. It is hereby ORDERED that:

1. Plaintiff's Motion to Remand (Doc. # 8) is GRANTED.

2. This case is REMANDED to the Circuit Court of Russell County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

4. Any pending motions are left for resolution by the Circuit Court of Russell County, Alabama.

Done this the 27th day of July, 2007.

                                         /s/ W. Keith Watkins
                                         UNITED STATES DISTRICT JUDGE